UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

NICKALENA JEFFCOAT                    CIVIL ACTION NO. 6:20-cv-00557

VERSUS                                MAGISTRATE JUDGE HANNA

LAMAR PROPERTIES LLC                  BY CONSENT OF THE PARTIES

## MEMORANDUM RULING

Currently pending before the court are the defendant's motion to dismiss the plaintiff's complaint under Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a party and the defendant's motion to dismiss the plaintiff's Louisiana Consumer Credit Law claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  (Rec. Doc. 6).  The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is ordered that the Rule 12(b)(6) motion is denied, and the Rule 12(b)(7) motion is denied to the extent that dismissal of the lawsuit is sought but granted to the extent that the plaintiff is ordered to amend her complaint to add Shannon Dural as a party to the lawsuit.

## Background

The plaintiff alleged in her complaint that she entered into a lease-purchase agreement with the defendant on April 23, 2016, for the purchase of a home located in Breaux Bridge, Louisiana.  The plaintiff alleged that she paid $25,000 as a down

payment, of which $23,000 was applied against the $155,000 purchase price and $2,000 was applied against closing costs.  The plaintiff alleged that the remaining $132,000 was to be repaid at the rate of 2.7% amortized over thirty years, with monthly payments of $535.39.  The plaintiff allegedly made timely payments for one year and was then advised by the defendant that the original agreement had expired and that she was required to enter into six-month addendums to the contract[1] that doubled her monthly payments to $922.96 per month and tripled the interest rate to 7.5%.  The plaintiff alleged that, fearing she would lose her down payment, she was coerced into entering into the contract addendums.

The plaintiff allegedly had trouble making the higher payments, and the defendant allegedly filed ten eviction actions against her between September 2018 and February 2020.  The plaintiff allegedly satisfied each eviction action by paying a $200 fixed fee and an additional fee of 5% of the monthly note.  The defendant allegedly threatened the plaintiff with loss of her down payment and failed to credit her monthly payments against the principal amount she owed.  The defendant allegedly controlled the Simon Estates Homeowner's Association and allegedly

---

[1]    The plaintiff submitted only one addendum to the contract, and it had an effective date of July 1, 2018.  (Rec. Doc. 1-1 at 18).  The plaintiff presented no evidence that any other addendums were executed, either covering the time period between April 30, 2017 (when the twelve-month term of the original lease expired) and the effective date of the submitted addendum or covering the time period between the expiration of the submitted addendum and the termination of the lease in January 2020.

demanded that the plaintiff pay $850.00 for an alleged arrearage of fees dating back to August 2016.  Then, on January 13, 2020, the defendant allegedly terminated the contract.

The plaintiff seeks a declaration that the contract entered into by the parties was a bond for deed contract under Louisiana law, entitling her to recover damages. The plaintiff also seeks recovery for the defendant's alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640, in failing to make required disclosures and increasing the interest rate and monthly payments.  The plaintiff also alleged that the defendant violated the provisions of the Louisiana Consumer Credit Law ("LCCL"), La. R.S. 9:3510, *et seq*.

The defendant responded to the plaintiff's complaint with the instant motion to dismiss, arguing that the plaintiff failed to join a required party and failed to state a valid LCCL claim.

## Law and Analysis

### A.    The Rule 12(b)(7) Motion

#### (1)    The Relevant Standard

Fed. R. Civ. P. 12(b)(7) permits a party to bring a motion to dismiss a complaint for failure to join a required party under Fed. R. Civ. P. 19.  Proper joinder under Rule 19 is a two-step process.  First, the court must decide if the absent party is required in order for the court to fairly and completely resolve the dispute or

whether the absent party claims an interest relating to the subject of the action.[2] Second, if the absent party is required, but joinder is not feasible, the court must decide whether the action should proceed among the existing parties or be dismissed.[3]

> Under Rule 19(a)(1), a party is "required" if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

If a person not named in the suit is required and can feasibly be joined, the court must order that the absent person be made a party.[4]  The "inquiry contemplated by Rule 19(a) is a practical one, and is addressed to the sound discretion of the court."[5]

---

[2]    Fed. R. Civ. P. 19(a); *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd*., 570 F.3d 219, 230 (5th Cir. 2009).

[3]    Fed. R. Civ. P. 19(b); *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd*., 570 F.3d at 230-31.

[4]    Fed. R. Civ. P. 19(a)(2).

[5]    *R–Delight Holding LLC v. Anders*, 246 F.R.D. 496, 499 (D. Md. 2007) (citations omitted); see also 7 Wright, Miller & Kane, Federal Practice and Procedure § 1604 (3d ed.) (stating that there is no precise formula for deciding whether joinder is required under Rule 19(a) and that determinations under the rule are heavily influenced by the particulars of individual cases).

The party advocating the joinder of a party has the initial burden of demonstrating that the missing party is necessary.[6]  Then, "after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder."[7]  The court may consider affidavits and other competent evidence when deciding a Rule 12(b)(7) motion.[8]

**(2)   Analysis**

In support of its Rule 12(b)(7) motion, the defendant argued that Shannon Dural should be added as a party to this lawsuit.  It is undisputed that Mr. Dural is the plaintiff's ex-husband and a party to the lease purchase contract[9] at the center of the parties' dispute.  Although he did not sign the addendum to the contract that was filed along with complaint,[10] he is shown as a lessee in that agreement as well.  The defendant argued that, without Mr. Dural in the suit, the defendant would be subjected to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of Mr. Dural's interest in the contract underlying the parties'

---

[6]     *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).

[7]     *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, Hood, 570 F.3d at 628 (quoting *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)).

[8]     *El Paso E&P Co., LP v. Crabapple Properties, Ltd*., No. 07-0428, 2008 WL 2051109, at *1 (W.D. La. Mar. 6, 2008), report and recommendation adopted, 2008 WL 11515716 (W.D. La. May 9, 2008) (citing *Estes v. Shell Oil Co*., 234 F.2d 847, 849 n. 5 (5th Cir. 1956)).

[9]     Rec. Doc. 1-1 at 7-12.

[10]    Rec. Doc. 1-1 at 18.

dispute.  This Court agrees.  The lease purchase contract lies at the heart of the litigation.  The plaintiff is asking the court to review of the provisions of the contract and to declare that it is a bond for deed contract.  Were the court to do so, Mr. Dural's rights and obligations under the contract would be interpreted and potentially could be affected, just as the rights and obligations of the other parties would be interpreted and perhaps affected.

When a case involves a contract, the joinder of all parties to the contract is usually required.[11]   "In cases seeking reformation, cancellation, rescission, or otherwise challenging the validity of a contract, all parties to the contract probably will have a substantial interest in the outcome of the litigation and their joinder will be required."[12]  Although no Louisiana cases were located in which this issue was raised when one lessee of immovable property was a party to the suit and another was not, the Fifth Circuit has determined that royalty owners and mineral lessees were indispensable parties in a suit to try title to a tract of land[13] and that a lessor not originally named in the suit was an indispensable party in an action to evict the

---

[11]     *Samson Contour Energy E & P, LLC v. Fred Bowman, Inc*., No. 11-cv-0247, 2011 WL 6157481, at *2 (W.D. La. May 11,2011), report and recommendation adopted, 2011 WL 2295022 (E.D. La. June 9, 2011) (citing *Harris Trust & Saving Bank v. Energy Assets Int'l*, 124 F.R.D. 115, 117 (E.D. La. 1989)).

[12]     7 Wright, Miller, & Kane, Federal Practice and Procedure § 1613 (3d ed.).

[13]     *Doty v. St. Mary Parish Land Co*., 598 F.2d 885, 886 (5th Cir.1979).

lessee.[14]  These cases suggest that the best course of action is to have all parties to a contract before the court before interpreting the contract or making rulings affecting the rights, obligations, and remedies arising out of the contract.   Under Rule 19(a)(1)(A), "complete relief" denotes relief between the existing parties, not "between a party and the absent [party] whose joinder is sought."[15]  Therefore, it is arguable that Mr. Dural's presence in the suit is not required.  However, a waste of judicial resources would likely occur if Mr. Dural was relegated to bringing in a different lawsuit any claims he might have with regard to the issues presented in the complaint.

This Court finds that Ms. Jeffcoat's arguments to the contrary lack merit. First, she argued that Mr. Dural can protect any interest he might have in any monetary award made to Ms. Jeffcoat in this lawsuit by initiating proceedings in another court, but that would not promote judicial economy and would likely result in a waste of judicial – and other – resources.

Second, she argued that Mr. Dural need not be a party to the suit because she is not seeking a determination of ownership rights in immovable property under the lease but rather is seeking a declaration that the lease is a bond for deed contract

---

[14]     *Schutten v. Shell Oil Co*., 421 F.2d 869, 874 (5th Cir. 1970).

[15]     *United States v. Donovan*, No. 4:19-cv-00761, 2020 WL 1677388, at *3 (E.D. Tex. Apr. 6, 2020).

entitling her to a money judgment.  But she did not argue that the defendant breached the lease agreement nor did she argue that, if the contract actually is a bond for deed contract, the defendant breached the terms of that agreement, nor did she identify any statute or governing jurisprudence that would entitle her to a financial recovery if the contract is a bond for deed.  Nevertheless, she would have the court determine the rights and obligations of she and the defendant without including Mr. Dural's rights and obligations in the calculus.  This seems, at a minimum, unfair since she and Mr. Dural were both lessees at the time of the confection of the contract.

Third, the evidence submitted by Ms. Jeffcoat does not support the conclusion that Mr. Dural should not be a party to this lawsuit.  Ms. Jeffcoat seems to argue that all of the money put into the lease was hers alone, and that Mr. Dural had no financial stake in the relevant contract.  But her affidavit[16] established that she and Mr. Dural were married when the lease was entered into and were living under a community property regime that was not terminated until March 6, 2019.  Therefore, even though the down payment, rent payments, utilities, taxes, insurance, and maintenance may have been paid by Ms. Jeffcoat's funds, there is no evidence that those payments were not made with community funds.  Similarly, her statement that she had a "separate checking account" does not mean that the funds in a checking

---

[16]     Rec. Doc. 9-1.

account in her name only were not community funds.  The evidence presented shows that the community property regime – under which the plaintiff and her ex-husband were living when the subject lease was entered into – was terminated in 2019, but no evidence was presented to show that there was a partition of the couple's community property or, more important, that the lease was considered when the community regime was terminated.  Thus, Ms. Jeffcoat did not establish that Mr. Dural does not have a financial interest in the resolution of the issues raised in her complaint.

On balance, this Court finds that both Mr. Dural and the defendant may be prejudiced if Mr. Dural is not added as a party to this lawsuit and further finds that a fair and complete resolution of the issues presented here requires Mr. Dural's presence.  No impediment making the addition of Mr. Dural to the suit infeasible was identified by the parties.  The defendant indicated that Mr. Dural is believed to be a Louisiana resident, but the court's subject-matter jurisdiction is grounded upon a federal question rather than diversity.  Therefore, the addition of Mr. Dural to the suit will not adversely affect the court's subject-matter jurisdiction.

For these reasons, the Rule 12(b)(7) motion will be denied to the extent that dismissal of the lawsuit is sought but granted to the extent that the plaintiff will be ordered to amend her complaint to add Mr. Dural as a party to the suit.

## B.    The Rule 12(b)(6) Motion

### (1)    The Relevant Standard

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[17]  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[18] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[19]   However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[20] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[21]

---

[17]    *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[18]    *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[19]    *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[20]    *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[21]    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[22]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[23] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[24]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[25]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[26]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27]  "[D]etermining whether a

---

[22]   *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[23]   *Bell Atlantic v. Twombly,* 550 U.S. at 555.

[24]   *Bell Atlantic v. Twombly,* 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

[25]   *Bell Atlantic v. Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[26]   *Bell Atlantic v. Twombly*, 550 U.S. at 570.

[27]   *Ashcroft v. Iqbal*, 556 U.S. at 678.

complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[28] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[29]

### (2)   **Analysis**

The defendant argued that the plaintiff's LCCL claim should be dismissed because the complaint lacked sufficient factual underpinnings and because the plaintiff relied upon labels and conclusions to support this claim.  While the plaintiff did not detail the specific elements that must be established to state a valid claim for relief under the LCCL, the plaintiff did set forth a litany of allegations that, when taken as true and viewed in the light most favorable to the plaintiff, support the conclusion that the complaint contains enough factual matter to state a plausible LCCL claim.

The plaintiff alleged that the defendant's actions were "onerous, oppressive and one sided" and consequently "unconscionable" under the LCCL.   It is undisputed that the LCCL defines the term "unconscionable" and prohibits activities

---

[28]    *Ashcroft v. Iqbal*, 556 U.S. at 679.

[29]    *Lormand v. US Unwired, Inc*., 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. at 556).  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

that meet that definition.  More specifically, the plaintiff alleged that the defendant "unjustly took advantage" of her by falsely representing that her rent payments were to be credited against the purchase price of the home and by obtaining a $25,000 nonrefundable deposit in connection with a one-year lease.  The plaintiff alleged that she was coerced into executing addendums to the lease in order to avoid losing her sizable deposit.  She expressly alleged that the defendant "unconscionably" doubled her rent payment and tripled the applicable interest rate at the end of the first year of the lease.  She alleged that the defendant threatened her with eviction ten times between September 2018 and February 2020 and charged a fixed fee and a percentage penalty to remedy each threatened eviction.  She alleged that none of her monthly payments were credited against the principle price of her home.  She further alleged that the defendant demanded that she pay an arrearage in homeowners' association fees.

Therefore, assuming that the lease purchase contract entered into by the plaintiff and the defendant is a "consumer credit sale" under La. R.S. 9:3516(12) or some other type of transaction to which the LCCL applies – which will have to be proven at trial – this Court finds that the factual allegations set forth in the complaint are sufficient to state a plausible claim under the LCCL at this stage of the litigation.

### Conclusion

For the foregoing reasons, IT IS ORDERED that the pending motion (Rec. Doc. 6) is granted in part and denied in part.  More specifically,

IT IS ORDERED that the defendant's Rule 12(b)(6) motion seeking dismissal of the plaintiff's LCCL claim is DENIED; and

IT IS ORDERED that the defendant's Rule 12(b)(7) motion to dismiss for failure to join a required party is GRANTED to the extent that the plaintiff is ordered to amend her complaint to add Shannon Dural as a party, but DENIED to the extent that the plaintiff seeks dismissal of the lawsuit.  The amended complaint shall be filed not later than August 3, 2020.

Signed at Lafayette, Louisiana, this 20th day of July 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

14