UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

NICKALENA JEFFCOAT                    CIVIL ACTION NO. 6:20-cv-00557

VERSUS                                MAGISTRATE JUDGE HANNA

LAMAR PROPERTIES LLC                  BY CONSENT OF THE PARTIES

**ORDER**

Currently pending are the plaintiffs' motion for relief under Fed. R. Civ. P. 56(d) (Rec. Doc. 37) and the plaintiffs' motion for the extension of certain briefing deadlines (Rec. Doc. 40). Both motions are opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is ordered that both motions are granted.

The defendant recently filed a motion for partial summary judgment (Rec. Doc. 34), in which the defendant argued that the contract between the parties is a lease-purchase contract rather than a bond for deed contract. Oral argument on that motion is scheduled for January 14, 2021. In support of that motion, the defendant submitted the affidavit of Odell Lamartiniere. Mr. Lamartiniere said in the affidavit that a complete copy of the contract between the parties was attached. The document attached to Mr. Lamartiniere's affidavit was a six-page document titled "Lease-Purchase Agreement" plus three additional pages, each of which is titled "Addendum." (Rec. Doc. 34-2 at 4-12). In support of their motion for Rule 56(d)

relief, however, the plaintiffs argued that the document attached to Mr. Lamartiniere's affidavit is not complete and that additional documents are relevant to a proper characterization of the contractual relationship between the parties. The plaintiffs seek an opportunity to obtain all relevant documents and to depose Mr. Lamartiniere.

Under Fed. R. Civ. P. 56(d), the party responding to a motion for summary judgment may be allowed additional time to obtain affidavits or declarations or to take discovery if it can show that it cannot present facts essential to justify its position without obtaining additional discovery. The rule requires a party seeking such relief to present an affidavit or declaration setting forth specified reasons for the relief sought. In such a situation, the court is authorized to defer considering the motion for summary judgment, to deny it, or to issue any other appropriate order. Thus, Rule 56(d) functions as a safe harbor that prevents the premature granting of motions for summary judgment.[1]

Although Rule 56(d) motions are "broadly favored and should be liberally granted,"[2] it is not sufficient for the party responding to a motion for summary judgment to allege only that discovery is incomplete or that discovery will produce

---

[1] *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) (referring to former Rule 56(f)).

[2] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

needed but unspecified facts.[3] Instead, that party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[4] In other words, "a party must indicate to the court. . . why he needs additional discovery and how the additional discovery will create a genuine issue of material fact."[5] A nonmovant is not entitled to a continuance for additional discovery if it "failed to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery."[6] The party cannot rely on vague assertions but must show why it needs additional discovery and how that discovery will create a genuine issue of material fact.[7]

In this case, the plaintiffs presented three arguments in support of their motion. First, it is undisputed that Shannon Dural was only recently joined as a plaintiff in

---

[3] See *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

[4] *American Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010), and *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)).

[5] *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (quoting *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993)).

[6] *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (quoting *Reese v. Anderson*, 926 F.2d 494, 499 n.5 (5th Cir. 1991)).

[7] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422-23 (5th Cir. 2016).

the suit and consequently is currently attempting to catch up with the other parties who have been in the litigation for a longer period of time. Allowing limited discovery would assist Mr. Dural in that pursuit.

Second, the plaintiffs believe that the defendant has additional documentation in its possession that is relevant to the characterization of the contractual relationship between the parties. The plaintiffs persuasively argued that "the full and complete document has other pages which have been omitted from the portion of the documents which Mr. Lamartiniere contend is a true and correct copy." (Rec. Doc. 48 at 2). Along with the original petition for damages, the plaintiffs attached a flood determination disclosure, an MLS listing, and an amortization table that appear to be contemporaneous with the Lease-Purchase Agreement. (Rec. Doc. 1-1 at 15-17, 20, 21). Along with their pending motion to amend the complaint (Rec. Doc. 36), the plaintiffs attached a Louisiana Residential Agreement to Buy or Sell that appears to be contemporaneous to the Lease Purchase Agreement. (Rec. Doc. 36-4 at 1-7), an addendum to purchase agreement (Rec. Doc. 36-4 at 8), and other documents. Under Louisiana law, documents may be incorporated into contracts by attachment or by reference and become a part of the agreement between the parties with the same force and effect as if the provisions had been set forth in the basic contract.[8]

---

[8] *Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.*, 689 F.3d 380, 394 (5th Cir. 2012).

The existence of the documents attached by the plaintiffs to their complaints suggests that the entirety of the contract between the plaintiffs and the defendant may not have been limited to the four corners of the documents attached to Mr. Lamartiniere's affidavit. Allowing limited discovery for the purpose of gathering any and all relevant documents and cross-examining the defendant's affiant Mr. Lamartiniere regarding the existence and completeness of relevant documents would resolve any doubts in that regard. Allowing such limited discovery would also comport with the standard for applying Rule 56(d).

Third, the plaintiffs noted that the defendant propounded written discovery requests a few days after it filed its motion for partial summary judgment. From the plaintiffs' perspective, this suggests that the defendant actually does not have all of the information necessary to prevail on a motion for summary judgment. But the defendant's pending motion is for partial summary judgment and was not targeted at ending the litigation. This Court has not seen the defendant's discovery requests and therefore does not know whether the discovery was tailored to the issues raised in the pending motion for partial summary judgment or was focused on other issues that will remain regardless of how that motion is resolved. This argument consequently lacks merit.

Based on this analysis, the motion for Rule 56(d) relief will be granted. However, the discovery permitted will be specifically tailored to the plaintiffs' arguments and limited in scope.

When the oral argument on the motion for partial summary judgment was rescheduled, the original briefing deadlines were left in place. Commensurate with their request for discovery, the plaintiffs requested additional time to file their opposition brief. This Court finds that this request is reasonable, especially in light of this Court's decision to grant Rule 56(d) relief, and would not prejudice the defendant.

## **Conclusion**

For the foregoing reasons, IT IS ORDERED that the plaintiffs' motion for relief under Fed. R. Civ. P. 56(d) (Rec. Doc. 37) is GRANTED.

IT IS FURTHER ORDERED that the plaintiffs may propound discovery requesting the production of any and all documents in the defendant's possession that establish the contractual relationship between the plaintiffs and the defendant, and the plaintiffs may depose Odell Lamartiniere regarding those documents.

IT IS FURTHER ORDERED that the plaintiffs' motion for the extension of certain briefing deadlines (Rec. Doc. 40) is GRANTED. More specifically, IT IS ORDERED that the plaintiffs' response to the defendant's motion for partial

summary judgment (Rec. Doc. 34) must be filed not later than December 24, 2020 and any reply brief must be filed by the defendant not later than January 6, 2021.

Signed at Lafayette, Louisiana, this 19th day of November 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE